

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION**

| | |
|---|---|
| VICKIE F. WILSON,<br>   Plaintiff,<br>vs.<br><br>KILOLO KIJAKAZI,<br>Acting Commissioner of Social Security,<br>   Defendant. | §<br>§<br>§ CIVIL ACTION NO. 0:20-2074-MGL-PJG<br>§<br>§<br>§<br>§ |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION
AND AFFIRMING DEFENDANT'S FINAL DECISION DENYING BENEFITS**

  This is a Social Security appeal in which Plaintiff Vickie F. Wilson (Wilson) seeks judicial review of the final decision of Defendant Kilolo Kijakazi (Kijakazi) denying her claim for disability insurance benefits (DIB). The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting Kijakazi's final decision denying Wilson's DIB claim be affirmed.

  The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on July 22, 2021, Wilson filed her objections on August 5, 2021, and Kijakazi filed her reply to the objections on August 16, 2021. The Court has reviewed the objections, but holds them to be without merit. Itt will therefore enter judgment accordingly.

Wilson was born in 1953. On June 12, 2017, she filed her application for DIB. She contends her disability commenced on April 1, 2017. The Administrative Law Judge (ALJ) determined she had the following severe impairments: degenerative disc disease of the lumbar spine, degenerative joint disease of the right shoulder, neuropathy, and obesity.

On July 2, 2019, the ALJ issued a decision holding Wilson was not disabled. The Appeals Council denied Wilson's request for review of the ALJ's decision on May 4, 2020. Wilson then filed this action for judicial review with the Court.

The Agency has established a five-step sequential evaluation process for determining if a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a). The five steps are: (1) whether the claimant is currently engaging in substantial gainful activity; (2) whether the claimant has a medically determinable severe impairment(s); (3) whether such impairment(s) meets or equals an impairment set forth in the Listings; (4) whether the impairment(s) prevents the claimant from returning to her past relevant work; and, if so, (5) whether the claimant is able to perform other work as it exists in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(I)-(v), 416.920(a)(4)(I)-(v).

Under 28 U.S.C. § 636(b)(1), a district court is required to conduct a de novo review of those portions of the Magistrate Judge's Report to which a specific objection has been made. The Court need not conduct a de novo review, however, "when a party makes general and conclusory objections that do not direct the court to a specific error in the [Magistrate Judge's] proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982); *see* Fed. R. Civ. P. 72(b).

It is the plaintiff's duty both to produce evidence and prove she is disabled under the Act. *See Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995). Nevertheless, the ALJ is to develop the record and when he"fails in his duty to fully inquire into the issues necessary for adequate development of the record, and such failure is prejudicial to the claimant, the case should be remanded." *Marsh v. Harris*, 632 F.2d 296, 300 (4th Cir. 1980).

It is also the task of the ALJ, not this Court, to make findings of fact and resolve conflicts in the evidence. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). "It is not within the province of this [C]ourt to determine the weight of the evidence; nor is it [the Court's] function to substitute [its] judgment for that of [the defendant] if [the] decision is supported by substantial evidence." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). In other words, the Court "must sustain the ALJ's decision, even if [it] disagree[s] with it, provided the determination is supported by substantial evidence." *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996). Under the substantial evidence standard, the Court must view the entire record as a whole. *See Steurer v. Bowen*, 815 F.2d , 1249, 1250 (8th Cir. 1987).

Although ALJs must sufficiently explain the reasons for their rulings to allow this Court to provide meaningful review, *Radford v. Colvin*, 734 F.3d 288, 296 (4th Cir. 2013), "the ALJ is not required to address every piece of evidence[;] [instead,] he must . . . build an accurate and logical bridge from the evidence to his conclusion." *Clifford v. Apfel*, 227 F.3d 863, 872 (7th Cir. 2000) (citations omitted). The Court's "general practice, which [it] see[s] no reason to depart from here, is to take a lower tribunal at its word when it declares that it has considered a matter." *Hackett v. Barnhart*, 395 F.3d 1168, 1173 (10th Cir.2005).

"[T]he substantial evidence standard presupposes a zone of choice within which the decisionmakers can go either way, without interference by the courts. An administrative decision is not subject to reversal merely because substantial evidence would have supported an opposite

3

decision." *Clarke v. Bowen*, 843 F.2d 271, 272-73 (8th Cir. 1988) (citations omitted) (internal quotation marks omitted) (alteration omitted). Put differently, if the ALJ's "dispositive factual findings are supported by substantial evidence, they must be affirmed, even in cases where contrary findings of an ALJ might also be so supported." *Kellough v. Heckler*, 785 F.2d 1147, 1149 (4th Cir. 1986).

Wilson's offers just one specific objection to the Report, in which she contends the Magistrate Judge erred in failing to review Dr. John Francis Pilch's questionnaire "at all" in her determination as to whether the ALJ erred in determining Wilson is not disabled. Objections at 2 (citing to the Report at 12).

But, contrary to Wilson's assertion, several pages later in the Report, it is obvious the Magistrate Judge reviewed the questionnaire inasmuch as she cites to it, noting "one of [Wilson's] treating physicians opined that she could perform full-time work at the sedentary level, and the ALJ found that opinion . . . to be persuasive when viewed in conjunction with the record evidence." Report at 18 (citing Dr. Pilch's questionnaire). Thus, the Court will overrule this objection.

But for that one specific objection, the arguments Wilson makes in her objections are literally a carbon copy of the Brief of Plaintiff, which the Magistrate Judge considered when preparing the Report. Inasmuch as the Court agrees with the Magistrate Judge's analysis in her comprehensive and well-reasoned Report, it need not repeat the discussion here.

This Court need not conduct a de novo review pertaining to Wilson's carbon-copy objections inasmuch as they fail to direct the Court to any specific errors in the Magistrate Judge's Report. *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The Court reviews the Report only for clear error in the absence of specific objections. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir.2005) (stating that "in the absence of a timely filed objection, a district court

need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record to accept the recommendation.") (citation omitted).

Consequently, because the Court has found no clear error, it will overrule Wilson's non-specific objections and accept the Magistrate Judge's recommendation that the Court affirm Kijakazi's denial of Wilson's DIB claim.

Further, inasmuch as the Magistrate Judge warned Wilson of the consequences of failing to file specific objections, Report at 20, she has waived appellate review as to those portions of the Report to which she neglected to present specific objections. *See Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508-09 (6th Cir. 1991) (holding general objections are insufficient to preserve appellate review).

In sum, the Court holds there is substantial evidence to support the ALJ's conclusion Wilson was not disabled under the Act during the relevant time period and the ALJ's decision is free from reversible legal error. Further, the determination is reasonable.

Thus, after a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Wilson's objections, adopts the Report, and incorporates it herein. Therefore, it is the judgment of the Court Kijakazi's final decision denying Wilson's DIB claim is **AFFIRMED**.

**IT IS SO ORDERED**.

Signed this 31st day of January, 2022, in Columbia, South Carolina.

                                                s/ Mary Geiger Lewis
                                                MARY GEIGER LEWIS
                                                UNITED STATES DISTRICT JUDGE